IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Philadelphia Eagles, LLC and National Football League Management Council, : <br><br> Plaintiffs, : <br><br> v. : <br><br> Terrell Owens and National Football League Players Association, : <br><br> Defendants. : | Civil Action No. <br><br> 08-1982 <br><br> FILED <br><br> APR 28 2008 <br><br> By _____ Dep. Clerk |

### CIVIL ACTION COMPLAINT

This is an action to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 185(c).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(a).

### PARTIES

3. The Philadelphia Eagles, LLC ("Eagles") is one of the member clubs of the National Football League ("NFL") with its principal place of business in Philadelphia, Pennsylvania.

APR 28 2008

1

4. The National Football League Management Council ("NFL Management Council") is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL.

5. Terrell Owens is a professional football player who was employed by the Eagles in Philadelphia, Pennsylvania at all times relevant to this action.

6. The National Football League Players Association ("NFLPA") is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players. The NFLPA regularly represents players employed in the Eastern District of Pennsylvania, and some of its members reside in this judicial district.

## FACTS

7. The parties are bound by a Collective Bargaining Agreement ("CBA") negotiated between the NFL Management Council (on behalf of the NFL member clubs, including the Eagles) and the NFLPA (on behalf of all NFL players, including Owens). Relevant portions of the CBA are attached as Exhibit A.

8. All NFL Players must enter into an NFL Player Contract, which is incorporated in and governed by Article XIV and Appendix C of the NFL CBA. *See* Ex. A at 39-44; 231-39.

9. The NFL CBA contains an arbitration provision which mandates that all disputes between the parties involving the interpretation of, application of, or compliance with the NFL CBA and the NFL Player Contract be submitted to final and binding arbitration before a mutually selected arbitrator. *See* Ex. A, Art. IX, §§ 1, 6, & 8.

10. In accordance with the CBA, the Eagles and Owens entered into an NFL Player Contract setting forth the terms of Owens' employment.

11. On December 6, 2005, Owens and the NFLPA filed a non-injury grievance against the Eagles, demanding that the Eagles repay Owens amounts withheld from his pay following his suspension from the Eagles.

12. On December 13, 2005, pursuant to Article IX of the CBA, the Eagles and the NFL Management Council filed a counter-grievance against the NFLPA and Owens for breach of his NFL Player Contract. *See* Ex. A at 22-26. The grievance demanded the return from Owens of $1,725,000.00 paid to him as a signing bonus.

13. Pursuant to Article IX of the CBA, both the non-injury grievance filed by the Eagles and the NFL Management Council and the non-injury grievance filed by Owens and the NFLPA were subject to arbitration. *See* Ex. A at 22-26.

14. On April 11, 2007, an arbitration hearing was conducted before Arbitrator Shyam Das, an NFL arbitrator. The hearing took place in Philadelphia, Pennsylvania. All parties were present at the arbitration hearing, and all parties were represented by counsel.

15. On January 24, 2008, Arbitrator Das issued a written final award ("Award"). *See* Arbitrator Shyam Das' Opinion and Award (attached as Ex. B).

16. In relevant part, the Award states as follows: "1. Terrell Owens' grievance against the Philadelphia Eagles is denied. 2. The Philadelphia Eagles' grievance against Terrell Owens is sustained. Owens shall forthwith repay the Eagles the sum of $769,117.65." Ex. B at 28.

17. Under Article IX, Section 8 of the CBA, the Award constitutes the "full, final and complete disposition of the grievance, and will be binding upon the player(s) and Club(s) involved and the parties to this Agreement . . . ." Ex. A at 25.

18. To date, Owens has failed to repay the sum of $769,117.65 to the Eagles in accordance with the Award.

19. Owens has not sought to vacate, modify, or challenge the Award. The statutory time period within which Owens would have been permitted to vacate, modify, or challenge the Award has expired.

20. Owens' failure to pay the Eagles $769,117.65 in accordance with the Award has violated the collectively bargained for grievance and arbitration procedures set forth in the NFL CBA.

21. Plaintiffs are entitled to confirmation of the Award and entry of judgment in conformity with the Award pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Philadelphia Eagles and the National Football League Management Council, respectfully request that this Court enter an Order:

a) confirming the Award;

b) entering judgment in favor of the Eagles against Owens for the sum of $769,117.65, plus interest from the date of entry of the Award;

c) awarding Plaintiffs their attorneys' fees and costs in bringing this action; and

d) providing Plaintiffs with such other and further relief as the Court deems proper.

Dated: April 28, 2008                    Respectfully submitted,

By: _____

Katherine Menapace Katchen
Attorney I.D. No. 80395
AKIN GUMP STRAUSS HAUER & FELD, LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
Telephone:    (215) 965-1200
Facsimile:    (215) 965-1210


Daniel L. Nash, Esquire
AKIN GUMP STRAUSS HAUER & FELD, LLP
*Pro Hac Vice* (application pending)
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone:    (202) 887-4000
Facsimile:    (202) 887-4288

*Attorneys for Plaintiffs, Philadelphia Eagles, LLC and National Football League Management Council*

5